UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

Plaintiff,

v.

KABU ADODOJAJI, et al.,

Defendants.

Case No. 18-cv-04582-YGR (PR)

**ORDER OF DISMISSAL**

## I.    INTRODUCTION

Plaintiff, who is currently in custody at the Martinez Detention Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff will be granted leave to proceed *in forma pauperis* ("IFP") in a separate written order.

For the reasons stated below, the Court DISMISSES the complaint for failure to state a claim for relief.

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claim**

Plaintiff names as Defendants Contra Costa County District Attorney Mark Peterson and Contra Costa County Deputy District Attorney Kabu Adodojaji, who Plaintiff claims are responsible for his allegedly unconstitutional imprisonment. *See* Dkt. 1 at 3.[1] Plaintiff claims that on June 18, 2015, he was "arrested for a warrant dat[]ing back to February 2009 even though [he] was released from federal prison in January 2013." *Id.* Plaintiff adds that in April of 2014, the "warrant was never brought forward." *Id.* He further claims that the warrant was "recalled" on June 22, 2015 "four days after [his] arrest . . . [and] [y]et [he is] still being held on these false charges, case no. 5-151469-4." *Id.* Plaintiff seeks monetary damages "to pay [for] future medical expenses related to illness [he] contracted since [he has] been in the custody of MDF." *Id.*

However, Defendants are immune from suit. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). In the instant action, the aforementioned prosecutors' act—presumably of issuing the arrest warrant—is clearly conduct taken as an advocate for the State, and is intimately associated with the judicial phase of the criminal process. *See Gobel v. Maricopa County*, 867 F.2d 1201, 1204 (9th Cir. 1989) ("Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case. . . ."); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (finding that preparing and filing a criminal information and a motion for an arrest warrant are protected by absolute immunity). Thus, Defendants are absolutely immune from this suit.

Accordingly, the entire complaint is DISMISSED as Plaintiff's allegations against Defendants, who are immune from suit, fail to state a claim cognizable under 42 U.S.C. § 1983. Such dismissal will be without leave to amend, as any amendment under the circumstances alleged herein would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1  (holding leave to amend need not be granted where amendment constitutes exercise in futility).

2  To the extent that Plaintiff is trying to recover damages for an allegedly unconstitutional

3  conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

4  render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

5  or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

6  state tribunal authorized to make such determination, or called into question by a federal court's

7  issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Again,

8  here, Plaintiff is claiming damages for an allegedly unconstitutional imprisonment. However, a

9  claim for damages bearing that relationship to an imprisonment which may have resulted from a

10  conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at

11  487. *Heck* makes it clear that a section 1983 "cause of action for damages attributable to an

12  unconstitutional conviction or sentence does not accrue until the conviction or sentence has been

13  invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted). Any such claim is not cognizable and

14  therefore should also be DISMISSED. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997);

15  *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 (9th Cir. 2004) (claims for damages were not

16  cognizable at the time of the district court's ruling which occurred prior to the Ninth Circuit's

17  grant of habeas relief); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by

18  *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th

19  Cir. 1995) (claim barred by *Heck* may be dismissed *sua sponte* without prejudice under 28 U.S.C.

20  §1915).

21  Finally, if Plaintiff wishes to challenge his allegedly unconstitutional imprisonment or any

22  such resulting conviction and/or sentence, a petition for writ of habeas corpus is the exclusive

23  method by which he may challenge a state court conviction in this court. *Preiser v. Rodriguez*,

24  411 U.S. 475, 500 (1973). Before he may file a federal petition, however, Plaintiff must exhaust

25  state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

26  highest state court available with a fair opportunity to rule on the merits of each and every issue he

27  seeks to raise in federal court. *See* 28 U.S.C. § 2254(b)(1)(A),(c); *Duckworth v. Serrano*, 454 U.S.

28  1, 3 (1981).

### III. CONCLUSION

For the reasons outlined above, the complaint is DISMISSED for failure to state a claim. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge